Judge Berman

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA          :     SEALED
                                    <u>INDICTMENT</u>

     -v-                           :

JOSEPH COROZZO,                 :     11 Cr. _____
     a/k/a "JoJo,"
BARTOLOMEO VERNACE,          :
     a/k/a "Bobby,"
ALPHONSE TRUCCHIO,           :
LOUIS MASTRANGELO,
MICHAEL ROCCAFORTE,
     a/k/a "Roc,"
ANTHONY MOSCATIELLO,
VINCENZO FROGIERO,
     a/k/a "Vinny Carwash,"     :
TODD LABARCA,
FRANK BELLANTONI,            :
     a/k/a "Meatball,"
CHRISTOPHER COLON,           :
CHRISTOPHER REYNOLDS,
     a/k/a "Burger,"             :
SALVATORE TORTORICI,
MICHAEL RUSSO,                :
     a/k/a "Mush,"
ANTHINO RUSSO,
     a/k/a "Hootie,"
FRANK ROCCAFORTE,            :
JOHN BRANCACCIO,
     a/k/a "Johnny Bandana,"    :
SALVATORE ACCARDI,
KEITH CROCE,                 :
SEAN DUNN,
ROBERT BUCHOLZ, and         :
MICHAEL KUHTENIA,
     a/k/a "Jello,"             :

           Defendants.         :

- - - - - - - - - - - - - - - - - -x

11 CRIM 012

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JAN 05 2011

## COUNT ONE
(Racketeering Conspiracy)

The Grand Jury charges:

### The Enterprise

1.    At all times relevant to this Indictment, JOSEPH COROZZO, a/k/a "JoJo," BARTOLOMEO VERNACE, a/k/a "Bobby," ALPHONSE TRUCCHIO, LOUIS MASTRANGELO, MICHAEL ROCCAFORTE, a/k/a "Roc," ANTHONY MOSCATIELLO, VINCENZO FROGIERO, a/k/a "Vinny Carwash," TODD LABARCA, FRANK BELLANTONI, a/k/a "Meatball," CHRISTOPHER COLON, CHRISTOPHER REYNOLDS, a/k/a "Burger," SALVATORE TORTORICI, MICHAEL RUSSO, a/k/a "Mush," ANTHINO RUSSO, a/k/a "Hootie," FRANK ROCCAFORTE, JOHN BRANCACCIO, a/k/a "Johnny Bandana," SALVATORE ACCARDI, KEITH CROCE, SEAN DUNN, ROBERT BUCHOLZ, and MICHAEL KUHTENIA, a/k/a "Jello," the defendants, and others known and unknown, were members and associates of the Gambino Organized Crime Family of La Cosa Nostra (the "Gambino Organized Crime Family").  The Gambino Organized Crime Family was a criminal organization whose members and associates engaged in crimes including murder, narcotics trafficking, extortion, assault, arson, loansharking, operating illegal gambling businesses, and other crimes.

2.    The Gambino Organized Crime Family, including its leadership, membership, and associates, constituted an "enterprise," as that term is defined in Title 18, United States Code, Section 1961(4) -- that is, a group of individuals

associated in fact.  This enterprise was engaged in, and its activities affected, interstate and foreign commerce.  The Gambino Organized Crime Family was an organized criminal group based in New York City that operated in the Southern District of New York and elsewhere and constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

3.    The Gambino Organized Crime Family was part of a nationwide criminal organization known by various names, including the "Mafia" and "La Cosa Nostra" ("LCN"), which operated through entities known as "Families."  In addition to the Gambino Organized Crime Family, five other Families operated in the New York City and New Jersey area, namely, the Genovese Organized Crime Family of LCN, the Luchese Organized Crime Family of LCN, the Colombo Organized Crime Family of LCN, the Bonanno Organized Crime Family of LCN, and the Decavalcante Organized Crime Family of LCN.

4.    The Gambino Organized Crime Family operated through groups of individuals known as "crews" and "regimes," most of which were based in New York City.  Each "crew" had as its leader a person known as a "Caporegime," "Capo," "Captain," or "Skipper," and consisted of "made" members, sometimes known as "Soldiers," "wiseguys," "friends of ours," and "good fellows." Soldiers were aided in their criminal endeavors by other trusted

individuals, known as "associates," who sometimes were referred to as "connected" or identified as "with," "around," or "under" a Soldier or other member of the Family.  Associates participated in the various activities of the crew and its members.  In order for an associate to become a made member of the Family, the associate typically needed to demonstrate the ability to generate income for the Family, and/or that the associate was capable of committing acts of violence.

5.   Each Capo was responsible for supervising the criminal activities of his crew and provided Soldiers and associates with support and protection.  In return, the Capo typically received a share of the illegal earnings of each of his crew's Soldiers and associates, which was sometimes referred to as "tribute."

6.   Above the Capos were the highest-ranking members of the Gambino Organized Crime Family, commonly referred to as the "Administration."  The head of the Gambino Organized Crime Family was known as the "Boss," who was ordinarily assisted by an "Underboss" and a "Consigliere," or counselor.  The Boss, Underboss, and Consigliere were responsible for, among other things, setting policy, resolving disputes between and among members of the Gambino Organized Crime Family, and resolving disputes between members of the Gambino Organized Crime Family and members of other criminal organizations.  The Administration

4

of the Gambino Organized Crime Family was also responsible for overseeing the criminal activities of the Family's Capos, Soldiers and associates, and was at times called upon to make decisions regarding those criminal endeavors.

7.   The Boss, Underboss, and Consigliere supervised, supported, protected, and disciplined the Capos, Soldiers, and associates, and regularly received reports regarding their various activities.  In return for their supervision and protection, the Boss, Underboss, Consigliere, and members of any multi-member committee serving an Administration function typically received part of the illegal earnings of each crew.

8.   The Gambino Organized Crime Family has taken significant steps to protect and insulate its Administration members from detection and scrutiny by law enforcement.  These steps include appointing multi-member committees, and/or "panels," to perform the function of Administration positions, including Boss, and to oversee the daily affairs of the Gambino Organized Crime Family; and naming temporary, or "Acting" Bosses and other Administration positions.

<u>The Defendants</u>

9.   JOSEPH COROZZO, a/k/a "JoJo," the defendant, was a participant in the enterprise, the Gambino Organized Crime Family.  COROZZO was, at various times relevant to this Indictment, a Soldier, a Captain, and Consigliere in the Gambino

Organized Crime Family. In those capacities, COROZZO participated in and profited from various crimes, which he committed along with other members and associates of the Gambino Organized Crime Family.

10. BARTOLOMEO VERNACE, a/k/a "Bobby," the defendant, was a participant in the enterprise, the Gambino Organized Crime Family. VERNACE was, at various times relevant to this Indictment, a Soldier, a Captain, and a member of the Ruling Panel in the Gambino Organized Crime Family. In those capacities, VERNACE participated in and profited from various crimes, which he committed along with other members and associates of the Gambino Organized Crime Family.

11. ALPHONSE TRUCCHIO, the defendant, was a participant in the enterprise, the Gambino Organized Crime Family. TRUCCHIO was, at various times relevant to this Indictment, an associate, a Soldier, and a Captain in the Gambino Organized Crime Family. In those capacities, TRUCCHIO participated in and profited from various crimes, which he committed along with other members and associates of the Gambino Organized Crime Family. In particular, as a Captain, TRUCCHIO ran and controlled a crew consisting of other Gambino Family members and associates. The members of TRUCCHIO's crew included MICHAEL ROCCAFORTE, a/k/a "Roc," and ANTHONY MOSCATIELLO, the defendants, both of whom were Soldiers in the Gambino organized

Crime Family.  The members of TRUCCHIO's crew also included FRANK
BELLANTONI, a/k/a "Meatball," CHRISTOPHER COLON, CHRISTOPHER
REYNOLDS, a/k/a "Burger," SALVATORE TORTORICI, MICHAEL RUSSO,
a/k/a "Mush," ANTHINO RUSSO, a/k/a "Hootie," FRANK ROCCAFORTE,
JOHN BRANCACCIO, a/k/a "Johnny Bandana," SALVATORE ACCARDI, KEITH
CROCE, SEAN DUNN, and MICHAEL KUHTENIA, a/k/a "Jello," the
defendants, all of whom were associates of the Gambino Organized
Crime Family.  TRUCCHIO and his crew members frequently committed
crimes with other Gambino Organized Crime Family members and
associates, including LOUIS MASTRANGELO, the defendant, and the
members of MASTRANGELO's crew.

        12.  LOUIS MASTRANGELO, the defendant, was a
participant in the enterprise, the Gambino Organized Crime
Family.  MASTRANGELO was, at various times relevant to this
Indictment, an associate, a Soldier, and a Captain in the Gambino
Organized Crime Family.  In those capacities, MASTRANGELO
participated in and profited from various crimes, which he
committed along with other members and associates of the Gambino
Organized Crime Family.  In particular, as a Captain, MASTRANGELO
ran and controlled a crew consisting of other Gambino Family
members and associates.  The members of MASTRANGELO's crew
included VINCENZO FROGIERO, a/k/a "Vinny Carwash," the defendant,
who was a Soldier in the Gambino Organized Crime Family.  The
members of MASTRANGELO's crew also included TODD LABARCA, and

ROBERT BUCHOLZ, the defendants, both of whom were associates of the Gambino Organized Crime Family.  MASTRANGELO and his crew members frequently committed crimes with other Gambino Organized Crime Family members and associates, including ALPHONSE TRUCCHIO, the defendant, and the members of TRUCCHIO's crew.

<u>Purposes of the Enterprise</u>

13.  The purposes of the enterprise included the following:

a.   Enriching the leaders, members, and associates of the enterprise through murder, narcotics trafficking, extortion, assault, arson, loansharking, operating illegal gambling businesses, and other crimes.

b.   Preserving and augmenting the power, territory, and financial profits of the enterprise through intimidation, violence, and threats of physical and economic harm; and

c.   Keeping victims and citizens in fear of the enterprise and its leaders, members, and associates by: (i) identifying the enterprise, its members, and its associates with La Cosa Nostra or the "Mafia;" (ii) causing and threatening to cause economic harm; and (iii) committing and threatening to commit physical violence.

8

## The Racketeering Conspiracy

14.  From at least in or about the late 1980's, up to
and including in or about 2010, JOSEPH COROZZO, a/k/a "JoJo,"
ALPHONSE TRUCCHIO, LOUIS MASTRANGELO, MICHAEL ROCCAFORTE, a/k/a
"Roc," ANTHONY MOSCATIELLO, VINCENZO FROGIERO, a/k/a "Vinny
Carwash," TODD LABARCA, FRANK BELLANTONI, a/k/a "Meatball,"
CHRISTOPHER COLON, CHRISTOPHER REYNOLDS, a/k/a "Burger,"
SALVATORE TORTORICI, MICHAEL RUSSO, a/k/a "Mush," ANTHINO RUSSO,
a/k/a "Hootie," FRANK ROCCAFORTE, JOHN BRANCACCIO, a/k/a "Johnny
Bandana," SALVATORE ACCARDI, KEITH CROCE, SEAN DUNN, ROBERT
BUCHOLZ, and MICHAEL KUHTENIA, a/k/a "Jello," the defendants, and
others known and unknown, being persons employed by and
associated with the racketeering enterprise described in
Paragraphs 1 through 13 above, namely, the Gambino Organized
Crime Family, which enterprise was engaged in, and the activities
of which affected, interstate and foreign commerce, unlawfully,
willfully, and knowingly combined, conspired, confederated, and
agreed together and with each other to violate Title 18, United
States Code, Section 1962(c), to wit, to conduct and participate,
directly and indirectly, in the conduct of the affairs of that
enterprise through a pattern of racketeering activity, as that
term is defined in Title 18, United States Code, Sections 1961(1)
and 1961(5), and as set forth below in paragraph 15.

9

## The Pattern of Racketeering

15.  The pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), through which JOSEPH COROZZO, a/k/a "JoJo," ALPHONSE TRUCCHIO, LOUIS MASTRANGELO, MICHAEL ROCCAFORTE, a/k/a "Roc," ANTHONY MOSCATIELLO, VINCENZO FROGIERO, a/k/a "Vinny Carwash," TODD LABARCA, FRANK BELLANTONI, a/k/a "Meatball," CHRISTOPHER COLON, CHRISTOPHER REYNOLDS, a/k/a "Burger," SALVATORE TORTORICI, MICHAEL RUSSO, a/k/a "Mush," ANTHINO RUSSO, a/k/a "Hootie," FRANK ROCCAFORTE, JOHN BRANCACCIO, a/k/a "Johnny Bandana," SALVATORE ACCARDI, KEITH CROCE, SEAN DUNN, ROBERT BUCHOLZ, and MICHAEL KUHTENIA, a/k/a "Jello," the defendants, and their co-conspirators agreed to conduct and participate in the conduct of the affairs of the enterprise consisted of multiple acts and threats including the following:

(a) Acts involving murder, in violation of New York State Penal Law, Sections 125.25, 105.15, and 20.00;

(b) Acts involving distributing, and possessing with intent to distribute, controlled substances, including cocaine, marijuana, and Ecstasy, in violation of Title 21, United States Code, Sections 812, 841, and 846;

(c) Acts indictable under Title 18, United States Code, Section 1951, which prohibits extortion; and acts involving

extortion, in violation of New York State Penal Law, Sections 155, 110 and 105;

(d) Acts involving arson, in violation of New York State Penal Law, Sections 150, 110, and 105;

(e) Acts indictable under Title 18, United States Code, Sections 892 and 894, which prohibit making extortionate extensions of credit, and using extortionate means to collect extensions of credit;

(f) Acts indictable under Title 18, United States Code, Section 1955, which prohibits illegal gambling businesses; and acts in violation of New York State Penal Law, Section 225, which prohibits illegal gambling businesses.

<u>Special Sentencing Allegations</u>

16.  During and as part of the conspiracy alleged in Count One of this Indictment, in the Southern District of New York and elsewhere, TODD LABARCA, the defendant, and others known and unknown, unlawfully, willfully, and knowingly did commit an act involving murder, and aided and abetted murder, to wit, with intent to cause the death of another person, LABARCA and others did cause the death of Marty Bosshart, in violation of New York State Penal Law, Sections 125.25 and 20.00.

17.  During and as part of the conspiracy alleged in Count One of this Indictment, in the Southern District of New York and elsewhere, JOSEPH COROZZO, a/k/a "JoJo," ALPHONSE

TRUCCHIO, LOUIS MASTRANGELO, MICHAEL ROCCAFORTE, SALVATORE
TORTORICI, ANTHINO RUSSO, a/k/a "Hootie," JOHN BRANCACCIO, a/k/a
"Johnny Bandana," KEITH CROCE, and SEAN DUNN, the defendants,
knowingly and intentionally distributed and possessed with intent
to distribute five kilograms and more of a mixture or substance
containing a detectable amount of cocaine, a controlled
substance, in violation of Title 21, United States Code, Section
841(b)(1)(A).

    18.   During and as part of the conspiracy alleged in
Count One of this Indictment, in the Southern District of New
York and elsewhere, JOSEPH COROZZO, a/k/a "JoJo," ALPHONSE
TRUCCHIO, LOUIS MASTRANGELO, MICHAEL ROCCAFORTE, a/k/a "Roc,"
TODD LABARCA, CHRISTOPHER REYNOLDS, a/k/a "Burger," ANTHINO
RUSSO, a/k/a "Hootie," JOHN BRANCACCIO, a/k/a "Johnny Bandana,"
SEAN DUNN, and ROBERT BUCHOLZ, the defendants, knowingly and
intentionally distributed and possessed with intent to distribute
1,000 kilograms and more of a mixture or substance containing a
detectable amount of marijuana, a controlled substance, in
violation of Title 21, United States Code, Section 841(b)(1)(A).

    (Title 18, United States Code, Section 1962(d).)

## COUNT TWO
(Racketeering)

    The Grand Jury further charges:

19.   Paragraphs 1 through 13 of this Indictment are repeated and realleged and incorporated by reference as though fully set forth herein.

20.   From at least in or about the late 1980's, up to and including in or about 2010, in the Southern District of New York and elsewhere, JOSEPH COROZZO, a/k/a "JoJo," BARTOLOMEO VERNACE, a/k/a "Bobby," ALPHONSE TRUCCHIO, LOUIS MASTRANGELO, MICHAEL ROCCAFORTE, a/k/a "Roc," ANTHONY MOSCATIELLO, VINCENZO FROGIERO, a/k/a "Vinny Carwash," TODD LABARCA, FRANK BELLANTONI, a/k/a "Meatball," CHRISTOPHER COLON, CHRISTOPHER REYNOLDS, a/k/a "Burger," SALVATORE TORTORICI, MICHAEL RUSSO, a/k/a "Mush," ANTHINO RUSSO, a/k/a "Hootie," FRANK ROCCAFORTE, JOHN BRANCACCIO, a/k/a "Johnny Bandana," SALVATORE ACCARDI, KEITH CROCE, SEAN DUNN, ROBERT BUCHOLZ, and MICHAEL KUHTENIA, a/k/a "Jello," the defendants, and others known and unknown, being persons employed by and associated with the racketeering enterprise described in Paragraphs 1 through 13 above, namely, the Gambino Organized Crime Family, which enterprise was engaged in, and the activities of which affected, interstate and foreign commerce, unlawfully, willfully, and knowingly did conduct and participate, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and

1961(5), that is, through the commission of the following racketeering acts:

<u>The Pattern of Racketeering</u>

21.   The pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisted of the following acts:

<u>Racketeering Act One:</u>
<u>Murder Of Marty Bosshart and Conspiracy to Murder Marty Bosshart</u>

22.   TODD LABARCA, the defendant, committed the following acts of racketeering, any one of which alone constitutes the commission of Racketeering Act One:

a.   From at least in or about December 2001, up to and including on or about January 2, 2002, in the Southern District of New York and elsewhere, TODD LABARCA, the defendant, and others known and unknown, unlawfully, willfully, and knowingly conspired to murder Marty Bosshart, in violation of New York State Penal Law, Sections 125.25 and 105.15.

b.   From at least in or about December 2001, up to and including on or about January 2, 2002, in the Southern District of New York and elsewhere, TODD LABARCA, the defendant, and others known and unknown, unlawfully, willfully, and knowingly did commit an act involving murder, and aided and abetted murder, to wit, with intent to cause the death of another person, LABARCA and others did cause the death of Marty Bosshart,

14

in violation of New York State Penal Law, Sections 125.25 and 20.00.

## Racketeering Act Two:
## Cocaine Trafficking

23.   JOSEPH COROZZO, a/k/a "JoJo," ALPHONSE TRUCCHIO, LOUIS MASTRANGELO, MICHAEL ROCCAFORTE, SALVATORE TORTORICI, ANTHINO RUSSO, a/k/a "Hootie," JOHN BRANCACCIO, a/k/a "Johnny Bandana," KEITH CROCE, and SEAN DUNN, the defendants, committed the following acts of racketeering, any one of which alone constitutes the commission of Racketeering Act Two:

a.   From at least in or about the late 1980s, up to and including in or about 2010, in the Southern District of New York and elsewhere, JOSEPH COROZZO, a/k/a "JoJo," ALPHONSE TRUCCHIO, LOUIS MASTRANGELO, MICHAEL ROCCAFORTE, SALVATORE TORTORICI, ANTHINO RUSSO, a/k/a "Hootie," JOHN BRANCACCIO, a/k/a "Johnny Bandana," KEITH CROCE, and SEAN DUNN, the defendants, unlawfully, intentionally, and knowingly, distributed, and possessed with intent to distribute, a controlled substance, to wit, five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(A), and Title 18, United States Code, Section 2.

b.   From at least in or about the late 1980s, up to and including in or about 2010, in the Southern District of New York and elsewhere, JOSEPH COROZZO, a/k/a "JoJo," ALPHONSE

TRUCCHIO, LOUIS MASTRANGELO, MICHAEL ROCCAFORTE, SALVATORE
TORTORICI, ANTHINO RUSSO, a/k/a "Hootie," JOHN BRANCACCIO, a/k/a
"Johnny Bandana," KEITH CROCE, and SEAN DUNN, the defendants, and
others known and unknown, unlawfully, intentionally, and
knowingly, did combine, conspire, confederate, and agree together
and with each other to distribute, and possess with intent to
distribute, a controlled substance, to wit, five kilograms and
more of mixtures and substances containing a detectable amount of
cocaine, in violation of Title 21, United States Code, Sections
812, 841(a)(1), 841(b)(1)(A), and 846.

### Racketeering Act Three: ###
### Marijuana Trafficking ###

24.   JOSEPH COROZZO, a/k/a "JoJo," ALPHONSE TRUCCHIO,
LOUIS MASTRANGELO, MICHAEL ROCCAFORTE, a/k/a "Roc," ANTHONY
MOSCATIELLO, TODD LABARCA, CHRISTOPHER REYNOLDS, a/k/a "Burger,"
ANTHINO RUSSO, a/k/a "Hootie," JOHN BRANCACCIO, a/k/a "Johnny
Bandana," SEAN DUNN, and ROBERT BUCHOLZ, the defendants,
committed the following acts of racketeering, any one of which
alone constitutes the commission of Racketeering Act Three:

a.   From at least in or about the mid-1990s, up
to and including in or about 2010, in the Southern District of
New York and elsewhere, JOSEPH COROZZO, a/k/a "JoJo," ALPHONSE
TRUCCHIO, LOUIS MASTRANGELO, MICHAEL ROCCAFORTE, a/k/a "Roc,"
ANTHONY MOSCATIELLO, TODD LABARCA, CHRISTOPHER REYNOLDS, a/k/a
"Burger," ANTHINO RUSSO, a/k/a "Hootie," JOHN BRANCACCIO, a/k/a

"Johnny Bandana," SEAN DUNN, and ROBERT BUCHOLZ, the defendants, unlawfully, intentionally, and knowingly, distributed, and possessed with intent to distribute, a controlled substance, to wit, 1,000 kilograms and more of mixtures and substances containing a detectable amount of marijuana, in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(A), and Title 18, United States Code, Section 2.

       b.    From at least in or about the mid-1990s, up to and including in or about 2010, in the Southern District of New York and elsewhere, JOSEPH COROZZO, a/k/a "JoJo," ALPHONSE TRUCCHIO, LOUIS MASTRANGELO, MICHAEL ROCCAFORTE, a/k/a "Roc," ANTHONY MOSCATIELLO, TODD LABARCA, CHRISTOPHER REYNOLDS, a/k/a "Burger," ANTHINO RUSSO, a/k/a "Hootie," JOHN BRANCACCIO, a/k/a "Johnny Bandana," SEAN DUNN, and ROBERT BUCHOLZ, the defendants, and others known and unknown, unlawfully, intentionally, and knowingly, did combine, conspire, confederate, and agree together and with each other to distribute, and possess with intent to distribute, a controlled substance, to wit, 1,000 kilograms and more of mixtures and substances containing a detectable amount of marijuana, in violation of Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(A), and 846.

### Racketeering Act Four:
### Ecstasy Trafficking

     25.   ALPHONSE TRUCCHIO, LOUIS MASTRANGELO, MICHAEL ROCCAFORTE, a/k/a "Roc," TODD LABARCA, CHRISTOPHER COLON, and

ROBERT BUCHOLZ, the defendants, committed the following acts of racketeering, any one of which alone constitutes the commission of Racketeering Act Four:

       a.    From at least 1999, up to and including in or about 2010, in the Southern District of New York and elsewhere, ALPHONSE TRUCCHIO, LOUIS MASTRANGELO, MICHAEL ROCCAFORTE, a/k/a "Roc," TODD LABARCA, CHRISTOPHER COLON, and ROBERT BUCHOLZ, the defendants, unlawfully, intentionally, and knowingly, distributed, and possessed with intent to distribute, a controlled substance, to wit, 3,4-ethylenedioxymethamphetamine ("MDMA"), commonly known as "Ecstasy", in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(C), and Title 18, United States Code, Section 2.

       b.    From at least 1999, up to and including in or about 2010, in the Southern District of New York and elsewhere, ALPHONSE TRUCCHIO, LOUIS MASTRANGELO, MICHAEL ROCCAFORTE, a/k/a "Roc," TODD LABARCA, CHRISTOPHER COLON, and ROBERT BUCHOLZ, the defendants, and others known and unknown, unlawfully, intentionally, and knowingly, did combine, conspire, confederate, and agree together and with each other to distribute, and possess with intent to distribute, a controlled substance, to wit, 3,4-ethylenedioxymethamphetamine ("MDMA"), commonly known as "Ecstasy", in violation of Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(C), and 846.

## Racketeering Act Five:
### Illegal Gambling Business – Sports Betting

26.   From at least in or about the 1990's, up to and including in or about 2010, in the Southern District of New York and elsewhere, JOSEPH COROZZO, a/k/a "JoJo," BARTOLOMEO VERNACE, a/k/a "Bobby," ALPHONSE TRUCCHIO, LOUIS MASTRANGELO, MICHAEL ROCCAFORTE, a/k/a "Roc," ANTHONY MOSCATIELLO, TODD LABARCA, FRANK BELLANTONI, a/k/a "Meatball," CHRISTOPHER COLON, CHRISTOPHER REYNOLDS, a/k/a "Burger," SALVATORE TORTORICI, MICHAEL RUSSO, a/k/a "Mush," ANTHINO RUSSO, a/k/a "Hootie," FRANK ROCCAFORTE, JOHN BRANCACCIO, a/k/a "Johnny Bandana," SALVATORE ACCARDI, KEITH CROCE, and MICHAEL KUHTENIA, a/k/a "Mush," the defendants, and others known and unknown, unlawfully, willfully, and knowingly did conduct, finance, manage, supervise, direct, and own all and part of an illegal gambling business, which operated illegal gambling activities, to wit, a sports betting business, in violation of New York State Penal Law, Sections 225.00, 225.05, and 225.10, and which business involved five and more persons who conducted, financed, managed, supervised, directed, and owned all and part of it, and which business had been and remained in substantially continuous operation for a period in excess of thirty days and had gross revenues of $2,000 in a single day, in violation of Title 18, United States Code, Sections 1955 and 2.

**Racketeering Act Six:**
**Illegal Gambling Business – Baccarat or "Chemin de Fer"**

27.   From at least in or about 2004, up to and

including in or about 2009, in the Southern District of New York

and elsewhere, ALPHONSE TRUCCHIO, MICHAEL ROCCAFORTE, a/k/a

"Roc," ANTHONY MOSCATIELLO, FRANK BELLANTONI, a/k/a "Meatball,"

and MICHAEL RUSSO, a/k/a "Mush," the defendants, and others known

and unknown, unlawfully, willfully, and knowingly did conduct,

finance, manage, supervise, direct, and own all and part of an

illegal gambling business, which operated illegal gambling

activities, to wit, a card game known as "baccarat" or "Chemin de

Fer," in violation of New York State Penal Law, Sections 225.00,

225.05, and 225.10, and which business involved five and more

persons who conducted, financed, managed, supervised, directed,

and owned all and part of it, and which business had been and

remained in substantially continuous operation for a period in

excess of thirty days and had gross revenues of $2,000 in a

single day, in violation of Title 18, United States Code,

Sections 1955 and 2.

**Racketeering Act Seven:**
**Illegal Gambling Business – Poker Games**

28.   From at least in or about the 1990's, up to and

including in or about 2010, in the Southern District of New York

and elsewhere, JOSEPH COROZZO, a/k/a "JoJo," BARTOLOMEO VERNACE,

a/k/a "Bobby," ALPHONSE TRUCCHIO, LOUIS MASTRANGELO, MICHAEL

ROCCAFORTE, a/k/a "Roc," ANTHONY MOSCATIELLO, VINCENZO FROGIERO, a/k/a "Vinny Carwash," TODD LABARCA, FRANK BELLANTONI, a/k/a "Meatball," CHRISTOPHER COLON, MICHAEL RUSSO, a/k/a "Mush," FRANK ROCCAFORTE, SALVATORE ACCARDI, and MICHAEL KUHTENIA, a/k/a "Jello," the defendants, and others known and unknown, unlawfully, willfully, and knowingly did conduct, finance, manage, supervise, direct, and own all and part of an illegal gambling business, which operated illegal gambling activities, to wit, poker games, in violation of New York State Penal Law, Sections 225.00, 225.05, and 225.10, and which business involved five and more persons who conducted, financed, managed, supervised, directed, and owned all and part of it, and which business had been and remained in substantially continuous operation for a period in excess of thirty days and had gross revenues of $2,000 in a single day, in violation of Title 18, United States Code, Sections 1955 and 2.

## Racketeering Act Eight:
## Illegal Gambling Business – Video Poker Machines

29.  From at least in or about the 1990's, up to and including in or about 2010, in the Southern District of New York and elsewhere, JOSEPH COROZZO, a/k/a "JoJo," LOUIS MASTRANGELO, and TODD LABARCA, the defendants, and others known and unknown, unlawfully, willfully, and knowingly did conduct, finance, manage, supervise, direct, and own all and part of an illegal gambling business, which operated illegal gambling activities, to

21

wit, video poker machines, in violation of New York State Penal
Law, Sections 225.00, 225.05, and 225.10, and which business
involved five and more persons who conducted, financed, managed,
supervised, directed, and owned all and part of it, and which
business had been and remained in substantially continuous
operation for a period in excess of thirty days and had gross
revenues of $2,000 in a single day, in violation of Title 18,
United States Code, Sections 1955 and 2.

### Racketeering Act Nine:
### Making and Collecting Extortionate Loans ("Loansharking")

30.   JOSEPH COROZZO, a/k/a "JoJo," BARTOLOMEO VERNACE,
a/k/a "Bobby," ALPHONSE TRUCCHIO, LOUIS MASTRANGELO, MICHAEL
ROCCAFORTE, a/k/a "Roc," ANTHONY MOSCATIELLO, VINCENZO FROGIERO,
a/k/a "Vinny Carwash," TODD LABARCA, FRANK BELLANTONI, a/k/a
"Meatball," CHRISTOPHER COLON, SALVATORE TORTORICI, FRANK
ROCCAFORTE, SEAN DUNN, and MICHAEL KUHTENIA, a/k/a "Jello," the
defendants, committed the following acts of racketeering, any one
of which alone constitutes the commission of Racketeering Act
Nine:

a.   From at least the late 1980s, up to and
including in or about 2010, in the Southern District of New York
and elsewhere, JOSEPH COROZZO, a/k/a "JoJo," BARTOLOMEO VERNACE,
a/k/a "Bobby," ALPHONSE TRUCCHIO, LOUIS MASTRANGELO, MICHAEL
ROCCAFORTE, a/k/a "Roc," ANTHONY MOSCATIELLO, VINCENZO FROGIERO,
a/k/a "Vinny Carwash," TODD LABARCA, FRANK BELLANTONI, a/k/a

"Meatball," CHRISTOPHER COLON, SALVATORE TORTORICI, FRANK
ROCCAFORTE, SEAN DUNN, and MICHAEL KUHTENIA, a/k/a "Jello," the
defendants, and others known and unknown, unlawfully, willfully,
and knowingly did make extortionate extensions of credit, as that
term is defined in Title 18, United States Code, Section 891, to
wit, extortionate loans to various individuals in the New York
metropolitan area, and did aid and abet such conduct, in
violation of Title 18, United States Code, Sections 892 and 2.

      b.    From at least the late 1980s, up to and
including in or about 2010, in the Southern District of New York
and elsewhere, JOSEPH COROZZO, a/k/a "JoJo," BARTOLOMEO VERNACE,
a/k/a "Bobby," ALPHONSE TRUCCHIO, LOUIS MASTRANGELO, MICHAEL
ROCCAFORTE, a/k/a "Roc," ANTHONY MOSCATIELLO, VINCENZO FROGIERO,
a/k/a "Vinny Carwash," TODD LABARCA, FRANK BELLANTONI, a/k/a
"Meatball," CHRISTOPHER COLON, SALVATORE TORTORICI, FRANK
ROCCAFORTE, SEAN DUNN, and MICHAEL KUHTENIA, a/k/a "Jello," the
defendants, and others known and unknown, unlawfully, willfully,
and knowingly, did use extortionate means to collect and attempt
to collect extensions of credit from debtors, and to punish such
persons for the nonrepayment of said extensions of credit, as
that term is defined in Title 18, United States Code, Section
891, to wit, extortionate loans to various individuals in the New
York metropolitan area, and did aid and abet such conduct, in
violation of Title 18, United States Code, Sections 894 and 2.

## Racketeering Act Ten:
## Extortion and Extortion Conspiracy – "Victim-1"

31.   JOSEPH COROZZO, a/k/a "JoJo," and LOUIS MASTRANGELO, the defendants, committed the following acts of racketeering, any one of which alone constitutes the commission of Racketeering Act Ten:

a.   From in or about 2006, up through and including in or about 2010, in the Southern District of New York and elsewhere, JOSEPH COROZZO, a/k/a "JoJo," and LOUIS MASTRANGELO, the defendants, and others known and unknown, unlawfully, willfully, and knowingly combined, conspired, confederated, and agreed together and with each other to commit extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), by obtaining money and property from and with the consent of another person, to wit, an individual ("Victim-1") who owned and operated a limousine company, which consent was induced by the wrongful use of actual and threatened force, violence, and fear, and thereby would and did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), in violation of Title 18, United States Code, Section 1951.

b.   From in or about 2006, up through and including in or about 2010, in the Southern District of New York and elsewhere, JOSEPH COROZZO, a/k/a "JoJo," and LOUIS

24

MASTRANGELO, the defendants, and others known and unknown, unlawfully, willfully, and knowingly did commit and attempt to commit extortion, and aid and abet the commission of extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), by obtaining money and property from and with the consent of "Victim-1," whose consent was induced by the wrongful use of actual and threatened force, violence, and fear, and thereby did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), in violation of Title 18, United States Code, Sections 1951 and 2.

       c.    From in or about 2006, up through and including in or about 2010, in the Southern District of New York and elsewhere, JOSEPH COROZZO, a/k/a "JoJo," and LOUIS MASTRANGELO, the defendants, and others known and unknown, unlawfully, willfully, and knowingly did obtain property by extortion committed by instilling in "Victim-1" a fear that COROZZO, MASTRANGELO, and other persons, would cause physical injury to some person in the future and cause damage to property, in violation of New York State Penal Law, Sections 155.40 and 20.00.

## Racketeering Act Eleven:
## Extortion and Extortion Conspiracy – "Victim-2"

32.    JOSEPH COROZZO, a/k/a "JoJo," the defendant, committed the following acts of racketeering, any one of which alone constitutes the commission of Racketeering Act Eleven:

a.    From in or about 2003, up through and including in or about 2008, in the Southern District of New York and elsewhere, JOSEPH COROZZO, a/k/a "JoJo," the defendant, and others known and unknown, unlawfully, willfully, and knowingly combined, conspired, confederated, and agreed together and with each other to commit extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), by obtaining money and property from and with the consent of another person, to wit, an individual ("Victim-2") who owned and operated a concrete company, which consent was induced by the wrongful use of actual and threatened force, violence, and fear, and thereby would and did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), in violation of Title 18, United States Code, Section 1951.

b.    From in or about 2003, up through and including in or about 2008, in the Southern District of New York and elsewhere, JOSEPH COROZZO, a/k/a "JoJo," the defendant, and others known and unknown, unlawfully, willfully, and knowingly did commit and attempt to commit extortion, and aid and abet the

26

commission of extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), by obtaining money and property from and with the consent of "Victim-2," whose consent was induced by the wrongful use of actual and threatened force, violence, and fear, and thereby did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), in violation of Title 18, United States Code, Sections 1951 and 2.

c.   From in or about 2003, up through and including in or about 2008, in the Southern District of New York and elsewhere, JOSEPH COROZZO, a/k/a "JoJo," the defendant, and others known and unknown, unlawfully, willfully, and knowingly did obtain property by extortion committed by instilling in "Victim-2" a fear that COROZZO and other persons, would cause physical injury to some person in the future and cause damage to property, in violation of New York State Penal Law, Sections 155.40 and 20.00.

## Racketeering Act Twelve:
## Extortion and Extortion Conspiracy - "Victim-3"

33.   TODD LABARCA, JOHN BRANCACCIO, a/k/a "Johnny Bandana," and SALVATORE ACCARDI, the defendants, committed the following acts of racketeering, any one of which alone constitutes the commission of Racketeering Act Twelve:

a.   At least in or about 2009, in the Southern District of New York and elsewhere, TODD LABARCA, JOHN BRANCACCIO, a/k/a "Johnny Bandana," and SALVATORE ACCARDI, the defendants, and others known and unknown, unlawfully, willfully, and knowingly combined, conspired, confederated, and agreed together and with each other to commit extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), by obtaining money and property from and with the consent of another person, to wit, an individual ("Victim-3") who purportedly owed gambling debts, which consent was induced by the wrongful use of actual and threatened force, violence, and fear, and thereby would and did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), in violation of Title 18, United States Code, Section 1951.

b.   At least in or about 2009, in the Southern District of New York and elsewhere, TODD LABARCA, JOHN BRANCACCIO, a/k/a "Johnny Bandana," and SALVATORE ACCARDI, the defendants, and others known and unknown, unlawfully, willfully, and knowingly did commit and attempt to commit extortion, and aid and abet the commission of extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), by obtaining money and property from and with the consent of "Victim-3," whose consent was induced by the wrongful use of actual and threatened

28

force, violence, and fear, and thereby did obstruct, delay, and
affect commerce and the movement of articles and commodities in
commerce, as that term is defined in Title 18, United States
Code, Section 1951(b)(3), in violation of Title 18, United States
Code, Sections 1951 and 2.

       c.    At least in or about 2009, in the Southern
District of New York and elsewhere, TODD LABARCA, JOHN
BRANCACCIO, a/k/a "Johnny Bandana," and SALVATORE ACCARDI, the
defendants, and others known and unknown, unlawfully, willfully,
and knowingly, did use extortionate means to collect and attempt
to collect extensions of credit from a debtor, to wit, extensions
of credit to "Victim-3" in connection with gambling debts, and to
punish such person for the nonrepayment of said extensions of
credit, as that term is defined in Title 18, United States Code,
Section 891, in violation of Title 18, United States Code,
Section 894.

       d.    At least in or about 2009, in the Southern
District of New York and elsewhere, TODD LABARCA, JOHN
BRANCACCIO, a/k/a "Johnny Bandana," and SALVATORE ACCARDI, the
defendants, and others known and unknown, unlawfully, willfully,
and knowingly did obtain property by extortion committed by
instilling in "Victim-3" a fear that LABARCA, BRANCACCIO, and
other persons would cause physical injury to some person in the

29

future and cause damage to property, in violation of New York
State Penal Law, Sections 155.40 and 20.00.

### Racketeering Act Thirteen:
### Arson

34.   From at least in or about the late 1980s, up to
and including in or about the mid-1990s, JOSEPH COROZZO, a/k/a
"JoJo," and ANTHONY MOSCATIELLO, the defendants, and others known
and unknown, did intentionally damage a building and motor
vehicle by starting a fire and causing an explosion, to wit,
COROZZO and others intentionally burned and destroyed numerous
buildings and motor vehicles, in violation of New York State
Penal Law, Sections 150.10 and 20.00.

(Title 18, United States Code, Section 1962(c).)

### COUNT THREE
(Murder in Aid of Racketeering)

The Grand Jury further charges:

35.   Paragraphs 1 through 13 of this Indictment are
repeated, realleged, and incorporated by reference as though set
forth fully herein.

36.   On or about January 2, 2002, in the Southern
District of New York and elsewhere, for the purpose of gaining
entrance to and maintaining and increasing position in the
Gambino Organized Crime Family, TODD LABARCA, the defendant,
unlawfully, willfully, knowingly, and intentionally murdered and

aided and abetted the murder of Marty Bosshart, in violation of New York State Penal Law, Sections 125.25 and 20.00.

(Title 18, United States Code, Sections 1959(a)(1) and 2.)

### COUNT FOUR
(Murder While Engaged in Narcotics Trafficking)

The Grand Jury further charges:

37.  On or about January 2, 2002, in the Southern District of New York and elsewhere, while engaged in an offense punishable under Section 841(b)(1)(A) of Title 21, United States Code, namely, a conspiracy to distribute and possess with intent to distribute 1,000 kilograms and more of a mixture or substance containing a detectable amount of marijuana, TODD LABARCA, the defendant, and others known and unknown, unlawfully, intentionally and knowingly killed and counseled, commanded, induced, procured, and caused the intentional killing of Marty Bosshart, and aided and abetted the same, and such killing resulted.

(Title 21, United States Code, Section 848(e)(1)(A),
Title 18, United States Code, Section 2.)

### COUNT FIVE
(Assault In Aid Of Racketeering - "Victim-4")

The Grand Jury further charges:

38.  Paragraphs 1 through 13 of this Indictment are repeated, realleged, and incorporated by reference as though set forth fully herein.

39.   In or about August 2008, in the Southern District of New York and elsewhere, for the purpose of gaining entrance to and maintaining and increasing position in the Gambino Organized Crime Family, an enterprise engaged in racketeering activity, as described in paragraphs 1 through 13 of this Indictment, ALPHONSE TRUCCHIO and CHRISTOPHER COLON, the defendants, and others known and unknown, unlawfully, intentionally and knowingly did commit assault with a dangerous weapon against an individual ("Victim-4"), and aided and abetted the same, in violation of New York State Penal Law, Sections 120.05 and 20.00.

(Title 18, United States Code, Sections 1959(a)(3) and 2.)

## COUNT SIX
(Attempted Assault In Aid Of Racketeering - "Victim-5")

The Grand Jury further charges:

40.   Paragraphs 1 through 13 of this Indictment are repeated, realleged, and incorporated by reference as though set forth fully herein.

41.   In or about 2007, in the Southern District of New York and elsewhere, for the purpose of gaining entrance to and maintaining and increasing position in the Gambino Organized Crime Family, an enterprise engaged in racketeering activity, as described in paragraphs 1 through 13 of this Indictment, ALPHONSE TRUCCHIO, CHRISTOPHER COLON, CHRISTOPHER REYNOLDS, a/k/a "Burger," and FRANK ROCCAFORTE, the defendants, and others known and unknown, unlawfully, intentionally and knowingly did attempt

to commit assault with a dangerous weapon against an individual
("Victim-5"), and aided and abetted the same, in violation of New
York State Penal Law, Sections 120.05 and 20.00.

(Title 18, United States Code, Sections 1959(a)(6) and 2.)

## COUNT SEVEN
(Conspiracy to Traffic Cocaine)

The Grand Jury further charges:

42.  From at least in or about the late 1980s, up to
and including in or about 2010, in the Southern District of New
York and elsewhere, JOSEPH COROZZO, a/k/a "JoJo," ALPHONSE
TRUCCHIO, LOUIS MASTRANGELO, MICHAEL ROCCAFORTE, SALVATORE
TORTORICI, ANTHINO RUSSO, a/k/a "Hootie," JOHN BRANCACCIO, a/k/a
"Johnny Bandana," KEITH CROCE, and SEAN DUNN, the defendants, and
others known and unknown, unlawfully, intentionally, and
knowingly, did combine, conspire, confederate, and agree together
and with each other to violate the narcotics laws of the United
States.

43.  It was a part and an object of the conspiracy that
JOSEPH COROZZO, a/k/a "JoJo," ALPHONSE TRUCCHIO, LOUIS
MASTRANGELO, MICHAEL ROCCAFORTE, SALVATORE TORTORICI, ANTHINO
RUSSO, a/k/a "Hootie," JOHN BRANCACCIO, a/k/a "Johnny Bandana,"
KEITH CROCE, and SEAN DUNN, the defendants, and others known and
unknown, would and did distribute and possess with the intent to
distribute a controlled substance, in violation of Title 21,
United States Code, Section 841(a)(1).

44.   The controlled substance involved in the offense was five kilograms and more of cocaine, in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(A).

(Title 21, United States Code, Section 846.)

## COUNT EIGHT
(Conspiracy to Traffic Marijuana)

The Grand Jury further charges:

45.   From at least in or about the mid-1990s, up to and including in or about 2010, in the Southern District of New York and elsewhere, JOSEPH COROZZO, a/k/a "JoJo," ALPHONSE TRUCCHIO, LOUIS MASTRANGELO, MICHAEL ROCCAFORTE, a/k/a "Roc," ANTHONY MOSCATIELLO, TODD LABARCA, CHRISTOPHER REYNOLDS, a/k/a "Burger," ANTHINO RUSSO, a/k/a "Hootie," JOHN BRANCACCIO, a/k/a "Johnny Bandana," SEAN DUNN, and ROBERT BUCHOLZ, the defendants, and others known and unknown, unlawfully, intentionally, and knowingly, did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

46.   It was a part and an object of the conspiracy that JOSEPH COROZZO, a/k/a "JoJo," ALPHONSE TRUCCHIO, LOUIS MASTRANGELO, MICHAEL ROCCAFORTE, a/k/a "Roc," ANTHONY MOSCATIELLO, TODD LABARCA, CHRISTOPHER REYNOLDS, a/k/a "Burger," ANTHINO RUSSO, a/k/a "Hootie," JOHN BRANCACCIO, a/k/a "Johnny Bandana," SEAN DUNN, and ROBERT BUCHOLZ, the defendants, and others known and unknown, would and did distribute and possess

34

with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

47.   The controlled substance involved in the offense was 1,000 kilograms and more of marijuana, in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(A).

(Title 21, United States Code, Section 846.)

## COUNT NINE
(Conspiracy to Traffic Ecstasy)

The Grand Jury further charges:

48.   From at least 1999, up to and including in or about 2010, in the Southern District of New York and elsewhere, ALPHONSE TRUCCHIO, LOUIS MASTRANGELO, MICHAEL ROCCAFORTE, a/k/a "Roc," TODD LABARCA, CHRISTOPHER COLON, and ROBERT BUCHOLZ, the defendants, and others known and unknown, unlawfully, intentionally, and knowingly, did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

49.   It was a part and an object of the conspiracy that ALPHONSE TRUCCHIO, LOUIS MASTRANGELO, MICHAEL ROCCAFORTE, a/k/a "Roc," TODD LABARCA, CHRISTOPHER COLON, and ROBERT BUCHOLZ, the defendants, and others known and unknown, would and did distribute and possess with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

35

50.   The controlled substance involved in the offense was 3,4-ethylenedioxymethamphetamine ("MDMA"), commonly known as "ecstasy", in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(C).

(Title 21, United States Code, Section 846.)

### COUNT TEN
(Illegal Gambling Business - Sports Betting)

The Grand Jury further charges:

51.   From at least in or about the 1990's, up to and including in or about 2010, in the Southern District of New York and elsewhere, JOSEPH COROZZO, a/k/a "JoJo," BARTOLOMEO VERNACE, a/k/a "Bobby," ALPHONSE TRUCCHIO, LOUIS MASTRANGELO, MICHAEL ROCCAFORTE, a/k/a "Roc," ANTHONY MOSCATIELLO, TODD LABARCA, FRANK BELLANTONI, a/k/a "Meatball," CHRISTOPHER COLON, CHRISTOPHER REYNOLDS, a/k/a "Burger," SALVATORE TORTORICI, MICHAEL RUSSO, a/k/a "Mush," ANTHINO RUSSO, a/k/a "Hootie," FRANK ROCCAFORTE, JOHN BRANCACCIO, a/k/a "Johnny Bandana," SALVATORE ACCARDI, KEITH CROCE, and MICHAEL KUHTENIA, a/k/a "Mush," the defendants, and others known and unknown, unlawfully, willfully, and knowingly did conduct, finance, manage, supervise, direct, and own all and part of an illegal gambling business, which operated illegal gambling activities, to wit, a sports betting business, in violation of New York State Penal Law, Sections 225.00, 225.05, and 225.10, and which business involved five and more persons who conducted, financed, managed, supervised, directed, and owned all

36

and part of it, and which business had been and remained in substantially continuous operation for a period in excess of thirty days and had gross revenues of $2,000 in a single day, and aided and abetted the same.

(Title 18, United States Code, Sections 1955 and 2.)

## COUNT ELEVEN
(Illegal Gambling Business – Baccarat or "Chemin de Fer")

The Grand Jury further charges:

52.   From at least in or about 2004, up to and including in or about 2009, in the Southern District of New York and elsewhere, ALPHONSE TRUCCHIO, MICHAEL ROCCAFORTE, a/k/a "Roc," ANTHONY MOSCATIELLO, FRANK BELLANTONI, a/k/a "Meatball," and MICHAEL RUSSO, a/k/a "Mush," the defendants, and others known and unknown, unlawfully, willfully, and knowingly did conduct, finance, manage, supervise, direct, and own all and part of an illegal gambling business, which operated illegal gambling activities, to wit, a card game known as "baccarat" or "Chemin de Fer," in violation of New York State Penal Law, Sections 225.00, 225.05, and 225.10, and which business involved five and more persons who conducted, financed, managed, supervised, directed, and owned all and part of it, and which business had been and remained in substantially continuous operation for a period in excess of thirty days and had gross revenues of $2,000 in a single day, and aided and abetted the same.

(Title 18, United States Code, Sections 1955 and 2.)

## COUNT TWELVE
(Illegal Gambling Business – Poker Games)

The Grand Jury further charges:

53.     From at least in or about the 1990's, up to and
including in or about 2010, in the Southern District of New York
and elsewhere, JOSEPH COROZZO, a/k/a "JoJo," BARTOLOMEO VERNACE,
a/k/a "Bobby," ALPHONSE TRUCCHIO, LOUIS MASTRANGELO, MICHAEL
ROCCAFORTE, a/k/a "Roc," ANTHONY MOSCATIELLO, VINCENZO FROGIERO,
a/k/a "Vinny Carwash," TODD LABARCA, FRANK BELLANTONI, a/k/a
"Meatball," CHRISTOPHER COLON, MICHAEL RUSSO, a/k/a "Mush," FRANK
ROCCAFORTE, SALVATORE ACCARDI, and MICHAEL KUHTENIA, a/k/a
"Jello," the defendants, and others known and unknown,
unlawfully, willfully, and knowingly did conduct, finance,
manage, supervise, direct, and own all and part of an illegal
gambling business, which operated illegal gambling activities, to
wit, poker games, in violation of New York State Penal Law,
Sections 225.00, 225.05, and 225.10, and which business involved
five and more persons who conducted, financed, managed,
supervised, directed, and owned all and part of it, and which
business had been and remained in substantially continuous
operation for a period in excess of thirty days and had gross
revenues of $2,000 in a single day, and aided and abetted the
same.

(Title 18, United States Code, Sections 1955 and 2.)

## COUNT THIRTEEN

(Illegal Gambling Business - Video Poker Machines)

The Grand Jury further charges:

54.   From at least in or about the 1990's, up to and including in or about 2010, in the Southern District of New York and elsewhere, JOSEPH COROZZO, a/k/a "JoJo," LOUIS MASTRANGELO, and TODD LABARCA, the defendants, and others known and unknown, unlawfully, willfully, and knowingly did conduct, finance, manage, supervise, direct, and own all and part of an illegal gambling business, which operated illegal gambling activities, to wit, video poker machines, in violation of New York State Penal Law, Sections 225.00, 225.05, and 225.10, and which business involved five and more persons who conducted, financed, managed, supervised, directed, and owned all and part of it, and which business had been and remained in substantially continuous operation for a period in excess of thirty days and had gross revenues of $2,000 in a single day, and aided and abetted the same.

(Title 18, United States Code, Sections 1955 and 2.)

## COUNT FOURTEEN
(Making Extortionate Extensions of Credit)

The Grand Jury further charges:

55.   From at least the early 1980s, up to and including in or about 2010, in the Southern District of New York and elsewhere, JOSEPH COROZZO, a/k/a "JoJo," BARTOLOMEO VERNACE, a/k/a "Bobby," ALPHONSE TRUCCHIO, LOUIS MASTRANGELO, MICHAEL

ROCCAFORTE, a/k/a "Roc," ANTHONY MOSCATIELLO, VINCENZO FROGIERO, a/k/a "Vinny Carwash," TODD LABARCA, FRANK BELLANTONI, a/k/a "Meatball," CHRISTOPHER COLON, SALVATORE TORTORICI, FRANK ROCCAFORTE, SEAN DUNN, and MICHAEL KUHTENIA, a/k/a "Jello," the defendants, and others known and unknown, unlawfully, willfully, and knowingly did make extortionate extensions of credit, as that term is defined in Title 18, United States Code, Section 891, to wit, extortionate loans to various individuals in the New York metropolitan area, and did aid and abet such conduct.

(Title 18, United States Code, Sections 892 and 2.)

## COUNT FIFTEEN
(Collecting Extensions of Credit by Extortionate Means)

The Grand Jury further charges:

56. From at least the early 1990's, up to and including in or about 2009, in the Southern District of New York and elsewhere, JOSEPH COROZZO, a/k/a "JoJo," BARTOLOMEO VERNACE, a/k/a "Bobby," ALPHONSE TRUCCHIO, LOUIS MASTRANGELO, MICHAEL ROCCAFORTE, a/k/a "Roc," ANTHONY MOSCATIELLO, VINCENZO FROGIERO, a/k/a "Vinny Carwash," TODD LABARCA, FRANK BELLANTONI, a/k/a "Meatball," CHRISTOPHER COLON, SALVATORE TORTORICI, FRANK ROCCAFORTE, SEAN DUNN, and MICHAEL KUHTENIA, a/k/a "Jello," the defendants, and others known and unknown, unlawfully, willfully, and knowingly, did use extortionate means to collect and attempt to collect extensions of credit from debtors, and to punish such persons for the nonrepayment of said extensions of credit, as

that term is defined in Title 18, United States Code, Section 891, to wit, extortionate loans to various individuals in the New York metropolitan area, and did aid and abet such conduct.

(Title 18, United States Code, Sections 894 and 2.)

### COUNT SIXTEEN
(Extortion Conspiracy – "Victim-1")

The Grand Jury further charges:

57.   From in or about 2006, up through and including in or about 2010, in the Southern District of New York and elsewhere, JOSEPH COROZZO, a/k/a "JoJo," and LOUIS MASTRANGELO, the defendants, and others known and unknown, unlawfully, willfully, and knowingly combined, conspired, confederated, and agreed together and with each other to commit extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), by obtaining money and property from and with the consent of another person, to wit, "Victim-1," who owned and operated a limousine company, which consent was induced by the wrongful use of actual and threatened force, violence, and fear, and thereby would and did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3),

(Title 18, United States Code, Section 1951.)

41

## COUNT SEVENTEEN
(Extortion Conspiracy – "Victim-3")

The Grand Jury further charges:

58.  At least in or about 2009, in the Southern District of New York and elsewhere, TODD LABARCA, JOHN BRANCACCIO, a/k/a "Johnny Bandana," and SALVATORE ACCARDI, the defendants, and others known and unknown, unlawfully, willfully, and knowingly combined, conspired, confederated, and agreed together and with each other to commit extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), by obtaining money and property from and with the consent of another person, to wit, "Victim-3," who purportedly owed gambling debts, which consent was induced by the wrongful use of actual and threatened force, violence, and fear, and thereby would and did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3).

(Title 18, United States Code, Section 1951.)

## COUNT EIGHTEEN
(Possession, Use and Brandishing of Firearm Relating to Crime of Violence)

The Grand Jury further charges:

59.  At least in or about 2009, in the Southern District of New York and elsewhere, TODD LABARCA, JOHN BRANCACCIO, a/k/a "Johnny Bandana," and SALVATORE ACCARDI, the defendants, and others known and unknown, unlawfully, willfully,

and knowingly did use, carry and brandish a firearm during and in
relation to a crime of violence for which they may be prosecuted
in a court of the United States, and did possess a firearm in
furtherance of such crime of violence, and did aid and abet the
commission of the same offense, to wit, LABARCA, BRANCACCIO and
ACCARDI used, carried, possessed and brandished a firearm, and
aided and abetted commission of the same offense, in relation to
and in furtherance of the crime charged in Count Seventeen of
this Indictment.

            (Title 18, United States Code,
        Sections 924(c)(1)(A)(i) and (ii) & 2.)

### First Forfeiture Allegation

        60.   The allegations contained in Counts One and Two of
this Indictment are hereby repeated, realleged, and incorporated
by reference herein as though fully set forth at length for the
purpose of alleging forfeiture pursuant to the provisions of
Title 18, United States Code, Section 1963, and Title 28, United
States Code, Section 2461(c).   Pursuant to Rule 32.2(a), Fed. R.
Crim. P., notice is hereby given to the defendants that the
United States will seek forfeiture as part of any sentence in
accordance with Title 18, United States Code, Section 1963 in the
event of any defendant's conviction under Counts One and Two of
this Indictment.

        61.   The defendants, JOSEPH COROZZO, a/k/a "JoJo,"
BARTOLOMEO VERNACE, a/k/a "Bobby," ALPHONSE TRUCCHIO, LOUIS
MASTRANGELO, MICHAEL ROCCAFORTE, a/k/a "Roc," ANTHONY

MOSCATIELLO, VINCENZO FROGIERO, a/k/a "Vinny Carwash," TODD
LABARCA, FRANK BELLANTONI, a/k/a "Meatball," CHRISTOPHER COLON,
CHRISTOPHER REYNOLDS, a/k/a "Burger," SALVATORE TORTORICI,
MICHAEL RUSSO, a/k/a "Mush," ANTHINO RUSSO, a/k/a "Hootie," FRANK
ROCCAFORTE, JOHN BRANCACCIO, a/k/a "Johnny Bandana," SALVATORE
ACCARDI, KEITH CROCE, SEAN DUNN, ROBERT BUCHOLZ, and MICHAEL
KUHTENIA, a/k/a "Jello,",

   a. have acquired and maintained interest in
violation of Title 18, United States Code, Section 1962, which
interests are subject to forfeiture to the United States pursuant
to Title 18, United States Code, Section 1963(a)(1);

   b. have an interest in, security of, claims
against, and property and contractual rights which afford a
source of influence over, the enterprise named and described
herein which the defendants established, operated, controlled,
conducted, and participated in the conduct of, in violation of
Title 18, United States Code, Section 1962, which interests,
securities, claims and rights are subject to forfeiture to the
United States pursuant to Title 18, United States Code, Section
1963(a)(2);

   c. have property constituting and derived from
proceeds obtained, directly and indirectly, from racketeering
activity, in violation of Title 18, United States Code, Section
1962, which property is subject to forfeiture to the United

States pursuant to Title 18, United States Code, Section 1963(a)(3),

     62.   The interests of the defendants subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1), (a)(2), and (a)(3), include but are not limited to at least $20 million.

     63.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

     a.   cannot be located upon the exercise of due diligence;

     b.   has been transferred or sold to, or deposited with, a third person;

     c.   has been placed beyond the jurisdiction of the Court;

     d.   has been substantially diminished in value; or

     e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 1963(m), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

     64.   The above-named defendants, and each of them, are jointly and severally liable for the forfeiture obligations as alleged above.

     (Title 18, United States Code, Sections 1962 & 1963.)

## Second Forfeiture Allegation

65.   As a result of committing one or more of the racketeering offenses in violation of Title 18, United States Code, Section 1959, as alleged in Counts Three, Five, and Six of this Indictment, defendants TODD LABARCA, ALPHONSE TRUCCHIO, CHRISTOPHER COLON, CHRISTOPHER REYNOLDS, a/k/a "Burger," and FRANK ROCCAFORTE, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses.

## Substitute Asset Provision

66.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third person;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be subdivided without difficulty;

46

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981(a)(1)(C),
Title 21, United States Code, Section 853(p), and
Title 28, United States Code, Section 2461.)

### Third Forfeiture Allegation

67.   As a result of committing murder while engaged in narcotics trafficking in violation of Title 21, United States Code, Section 848(e)(1)(A), as alleged in Count Four of this Indictment, defendant TODD LABARCA, shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 848 and 853(a)(1)-(3), any and all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense alleged in Count Four of this Indictment, and any of the defendant's interest in, claims against, and property or contractual rights affording a source of control over the continuing criminal enterprise.

### Substitute Asset Provision

68.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third person;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 848, 853(a)(1)-(3), and 853(p).)

### Fourth Forfeiture Allegation

69.   As a result of committing one or more of the controlled substance conspiracy offenses in violation of Title 21, United States Code, Section 846, as alleged in Counts Seven, Eight, and Nine of this Indictment, defendants JOSEPH COROZZO, a/k/a "JoJo," ALPHONSE TRUCCHIO, LOUIS MASTRANGELO, MICHAEL ROCCAFORTE, a/k/a "Roc," TODD LABARCA, CHRISTOPHER COLON, CHRISTOPHER REYNOLDS, a/k/a "Burger," SALVATORE TORTORICI, ANTHINO RUSSO, a/k/a "Hootie," JOHN BRANCACCIO, a/k/a "Johnny Bandana," KEITH CROCE, SEAN DUNN, and ROBERT BUCHOLZ, shall

forfeit to the United States pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the said defendants obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses alleged in Counts Seven, Eight, and Nine of this Indictment.

<u>Substitute Assets Provision</u>

70.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third person;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 846 & 853.)

**<u>Fifth Forfeiture Allegation</u>**

49

71.   As a result of committing the gambling conspiracy offense, in violation of Title 18, United States Code, Sections 1955 and 2, as alleged in Counts Ten, Eleven, Twelve, and Thirteen of this Indictment, JOSEPH COROZZO, a/k/a "JoJo," BARTOLOMEO VERNACE, a/k/a "Bobby," ALPHONSE TRUCCHIO, LOUIS MASTRANGELO, MICHAEL ROCCAFORTE, a/k/a "Roc," ANTHONY MOSCATIELLO, VINCENZO FROGIERO, a/k/a "Vinny Carwash," TODD LABARCA, FRANK BELLANTONI, a/k/a "Meatball," CHRISTOPHER COLON, CHRISTOPHER REYNOLDS, a/k/a "Burger," SALVATORE TORTORICI, MICHAEL RUSSO, a/k/a "Mush," ANTHINO RUSSO, a/k/a "Hootie," FRANK ROCCAFORTE, JOHN BRANCACCIO, a/k/a "Johnny Bandana," SALVATORE ACCARDI, KEITH CROCE, MICHAEL KUHTENIA, a/k/a "Jello," and PAUL LODUCA, shall forfeit to the United States pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 1955(d), and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses and any property, including money, used in the offense.

<u>Substitute Assets Provision</u>

72.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a.   cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third person;

      c.    has been placed beyond the jurisdiction of the Court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

      (Title 18, United States Code, Sections 981(a)(1)(c)
and 1955(d), Title 21, United States Code, Section 853(p),
and Title 28, United States Code, Section 2461.)

## Sixth Forfeiture Allegation

      73.  As a result of committing one or more of the extortionate extensions of credit offenses in violation of Title 18, United States Code, Sections 892 and 894, as alleged in Counts Fourteen and Fifteen of this Indictment, defendants JOSEPH COROZZO, a/k/a "JoJo," BARTOLOMEO VERNACE, a/k/a "Bobby," ALPHONSE TRUCCHIO, LOUIS MASTRANGELO, MICHAEL ROCCAFORTE, a/k/a "Roc," ANTHONY MOSCATIELLO, VINCENZO FROGIERO, a/k/a "Vinny Carwash," TODD LABARCA, FRANK BELLANTONI, a/k/a "Meatball," SALVATORE TORTORICI, SEAN DUNN, and MICHAEL KUHTENIA, a/k/a "Jello," shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United

States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses.

Substitute Asset Provision

74.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third person;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981(a)(1)(C),<br>Title 21, United States Code, Section 853(p), and<br>Title 28, United States Code, Section 2461.)

**Seventh Forfeiture Allegation**

75.   As a result of committing an extortion conspiracy offense in violation of Title 18, United States Code, Section

1951, as alleged in Counts Sixteen and Seventeen of this Indictment, defendants JOSEPH COROZZO, a/k/a "JoJo," LOUIS MASTRANGELO, TODD LABARCA, JOHN BRANCACCIO, a/k/a "Johnny Bandana," and SALVATORE ACCARDI, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses.

<u>Substitute Asset Provision</u>

76.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third person;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981(a)(1)(C),
Title 21, United States Code, Section 853(p), and
Title 28, United States Code, Section 2461.)

## Eighth Forfeiture Allegation

77.  As a result of committing the firearms offense in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and (ii) and 2, as alleged in Count Eighteen of this Indictment, defendants TODD LABARCA, JOHN BRANCACCIO, a/k/a "Johnny Bandana," and SALVATORE ACCARDI, shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d), all firearms and ammunition involved in the commission of the offense.

## Substitute Asset Provision

78.  If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third person;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21,

United States Code, Section 853(p), to seek forfeiture of any

other property of said defendants up to the value of the above

forfeitable property.

        (Title 18, United States Code, Section 924(d)and
        Title 21, United States Code, Section 853(p).)


_____
FOREPERSON

_____
PREET BHARARA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

### UNITED STATES OF AMERICA

- v. -

JOSEPH COROZZO, a/k/a "JoJo,"
BARTOLOMEO VERNACE, a/k/a "Bobby,"
ALPHONSE TRUCCHIO,
LOUIS MASTRANGELO,
MICHAEL ROCCAFORTE, a/k/a "Roc,"
ANTHONY MOSCATIELLO,
VINCENZO FROGIERO, a/k/a "Vinny Carwash,"
TODD LABARCA,
FRANK BELLANTONI, a/k/a "Meatball,"
CHRISTOPHER COLON,
CHRISTOPHER REYNOLDS, a/k/a "Burger,"
SALVATORE TORTORICI,
MICHAEL RUSSO, a/k/a "Mush,"
ANTHINO RUSSO, a/k/a "Hootie,"
FRANK ROCCAFORTE,
JOHN BRANCACCIO, a/k/a "Johnny Bandana,"
SALVATORE ACCARDI,
KEITH CROCE,
SEAN DUNN,
ROBERT BUCHOLZ,
and MICHAEL KUHTENIA, a/k/a "Jello,"

**Defendants.**

### SEALED INDICTMENT

11 Cr. _____

(Title 18, United States Code, Sections 1962(d), 1962(c), 1959(a)(1),
1959(a)(3), 1955, 892, 894, 1951, and 2; Title 21, United States Code,
Sections 812, 841, 846, and 848(e)(1)(A).)

PREET BHARARA
United States Attorney.

**A TRUE BILL**

Foreperson.